SEACOAST NATIONAL
BANK, Appellant,

v.

JORDYN HOLDINGS IV,
LLC, Appellee.

No. 8:08–CV–55–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 6, 2008.

Paul D. Friedman, Friedman & Frost, PL, Miami, FL, for Appellant.

Alberto F. Gomez, Jr., Morse & Gomez, PA, Tampa, FL, Jason H. Baruch, Trenam Kemker, Tampa, FL, Richard J. McIntyre, McIntyre, Panzarella, Thanasides, Eliff, P.L., Temple Terrace, FL, for Appellee.

## ORDER

ELIZABETH A. KOVACHEVICH, District Judge.

This cause is before the Court on:

Dkt. 11 Appellant's Brief

Dkt. 14 Appellee's Brief

Dkt. 17 Appellant's Reply Brief

This case is an appeal of the Bankruptcy Court's Order granting an Amended Motion to Compromise Controversy, a final order entered to resolve an adversary proceeding, Case No. 8:07–AP–268, in the Chapter 11 case of Jordyn Holdings, LLC.

The bankruptcy case involves essentially one asset, 298 acres of real estate consisting of a golf course and related property that was to be developed into homesites. Jordyn Holdings IV, LLC entered into an Amended and Restated Purchase Agreement with Nueva Inversiones, LLC to sell that property for $53,000,000, subject to certain adjustments. The Amended Agreement required Nueva Inversiones to make monthly payments to Jordyn Holdings IV, LLC until closing, which was to occur on January 3, 2008. In the event of default, Jordyn Holdings IV, LLC could collect the unpaid purchase price from fifteen separate guarantors.

In order to finance its own purchase of the subject property, Jordyn Holdings IV, LLC conveyed a purchase-money mortgage and promissory note to The Bankers Bank for $29,130,000. The Bankers Bank Note required a payment of $100,000. per month. When the litigation began, Nueva Inversiones, LLC stopped paying Jordyn Holdings IV, LLC. The principals of Jordyn Holdings IV, LLC were still required to make payments under the Bankers Bank Note.

Nueva Inversiones, LLC filed the case in the Twentieth Judicial Circuit Court, in and for Lee County, Florida, seeking declaratory relief and reformation of a contract against Jordyn Holdings IV, LLC, and asserting that the Amended Agreement was usurious. Jordyn Holdings IV, LLC then removed the case to the United States District Court, Fort Myers Division (Case No. 2:07–CV–385–F.M.–29DNF). Jordyn Holdings IV, LLC filed an Answer and brought a counterclaim against Nueva Inversiones, LLC, Amanda Management Company, Amanda Ventures, Ltd., Buhl Associates LLC, Creek side Plaza, LLC, EH Building Group II, LLC, EH Building

Group II SE Division, LLC, EH Building Group II SW Division, LLC; Fairway View of the Palm Beaches, LLC, Harbor Walk Preserve, LLC, MFA Ventures, LLC, Piper's Cay, LLC, Quail Meadows, LLC, Sail Harbor, LLC, Whispering Oaks of Port Saint Lucie, LLC; and Michael F. Amanda ("Guarantors"). The case was then referred to the United States Bankruptcy Court, and filed in Case No. 8:07–BE–05006–ARM. After vigorous litigation, two days of formal mediation, and further informal negotiation, Nueva Inversiones, LLC and Jordyn Holdings IV, LLC reached a settlement of their claims, and sought approval from the Bankruptcy Court. The Bankers Bank Note was to mature in January, 2008, and this fact prompted the parties to reach a resolution quickly. The "term sheet" containing the settlement terms permitted Nueva Inversiones, LLC to sell the subject property before May, 2008. In return, Jordyn Holdings IV, LLC received a $7,284,000 judgment to be recorded only if Nueva Inversiones, LLC failed to pay Jordyn monthly as required under the term sheet. In addition, Jordyn received a security interest in certain artwork owned by Nueva Inversiones' principal.

## I. Standard of Review

■ The Court reviews the approval of a settlement agreement under the abuse of discretion standard. *Christo v. Padgett*, 223 F.3d 1324, 1335 (11th Cir.2000). Under the abuse of discretion standard, the appellate court will not disturb the decision of the trial court unless it has a definite and firm conviction that the lower court has made a clear error of judgment or exceeded the bounds of permissible choice.

■ The Court reviews the sufficiency of notice of the hearing on the Motion to Compromise Controversy under an abuse of discretion standard.

■ The Court reviews the issue of standing to object to compromise under a mixed standard. The Court reviews the factual findings of the Bankruptcy Court for clear error, and the Court reviews the legal conclusions of the Bankruptcy Court *de novo*. *In Re Club Associates*, 951 F.2d 1223 (11th Cir.1992).

## II. Jurisdiction

■ The district court may review interlocutory judgments and orders as well as final judgments and orders arising from a bankruptcy proceeding. *In Re Walker*, 515 F.3d 1204, 1210 (11th Cir.2008). To be "final" under 28 U.S.C. Sec. 158(d) and Sec. 1291, an order must end the litigation on the merits, leaving nothing to be done but execute the judgment. *Jove Eng'g v. IRS*, 92 F.3d 1539, 1547 (11th Cir.1996). Finality is given a flexible interpretation in the bankruptcy context, because bankruptcy is an aggregation of controversies and suits. *Id.* at 1548. "It is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation." *Commodore Holdings, Inc. v. Exxon Mobil Corp.*, 331 F.3d 1257, 1259 (11th Cir.2003).

■ The Court considers the Amended Motion to Compromise Controversy to be a final order which resolved the Adversary Proceeding.

## III. Issues

The Bankruptcy Court entered its Order Granting Debtor's Amended Motion to Compromise Controversy in Adversary Proceeding 8:07–AP–268, on December 20, 2007, *inter alia*, approving the Compromise, authorizing Debtor Jordyn Holdings IV, LLC to take all actions necessary to

discharge its obligations thereunder, and directing entry of judgment against Nueva Inversiones, LLC in the amount of $7,284,000.00. The Order further provides that no provision of the Compromise shall be controlling, binding or res judicata as to any right, remedy or objection that may be raised by The Bankers Bank (including its assignee) or the Official Committee of Unsecured Creditors with respect to future activity in this or any other case, including any motion, controversy, proceeding or plan of reorganization. The Order further overrules the objections of Appellant Seacoast National Bank. At the hearing, the Bankruptcy Court stated that the Court did not believe that Seacoast National Bank had standing to object as Seacoast National Bank was not a creditor of the bankruptcy estate.

A. Standing

■ Appellant Seacoast National Bank's connection to this Adversary Proceeding is that Appellant is a lender to the nonDebtor party, Nueva Inversiones, LLC. Nueva Inversiones, LLC filed a proof of claim against the bankruptcy estate. Seacoast National Bank has not filed a proof of claim against Jordyn Holdings IV, LLC, has no agreements with Jordyn Holdings IV, LLC, and is owed no money by Jordyn Holdings IV, LLC.

Appellant Seacoast National Bank contends that the terms, conditions and covenants of the Collateral Assignment provide the basis for Appellant's standing to object to the Amended Motion to Compromise Controversy. The purpose of the Collateral Assignment of Purchase Agreement was to create a security interest in favor of Seacoast National Bank, to secure payment and performance of every obligation by Nueva Inversiones, and to spell out the remedies available to Seacoast National Bank in the event of default. At the hear-

ing of December 20, 2007, Appellant Seacoast National Bank argued that Seacoast National Bank's rights as a collateral assignee are jeopardized by the proposed term sheet.

Title 11 U.S.C. 1109(b) provides:

"A party in interest, including the debtor, the trustee, a creditor's committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."

There is a split of authority as to whether 11 U.S.C. 1109 is to be read broadly, to apply to the bankruptcy case and adversary proceedings, or is to be read narrowly, to apply only to the bankruptcy case. Bankruptcy Rule 7024 states that Fed. R.Civ. P. 24 applies to adversary proceedings. The Advisory Committee Note to Rule 7024 states that intervention in an adversary proceeding must be sought separately from intervention in a case.

In this case, Appellant did not seek intervention under Rule 7024. Appellant conceded at the hearing of December 20, 2007 that Appellant has not asserted a claim against the bankruptcy estate. (Dkt.24–48, p. 84). Appellant argued at the hearing that Appellant was induced not to become involved in the litigation by representations made by Mr. Amanda that no judgment would be entered against Nueva Inversiones. (Dkt.24, pp. 81–82). Appellant further argued that Debtor Jordyn's conduct is a postpetition tortious interference of the collateral assignment of the underlying amended and restated purchase and sale agreement (Dkt.24–48, p. 84).

■ Seacoast National Bank has brought this appeal as Administrative Agent for Seacoast National Bank and Orion Bank. Standing to appeal a bankruptcy

order is not limited to a real party in interest. The "person aggrieved" doctrine is recognized as a prudential prerequisite to standing. The "person aggrieved" doctrine limits standing to appeal a bankruptcy court order to those individuals who have a financial stake in the order being appealed. A person may appeal an order only when the person is directly and adversely affected pecuniarily by the order. A person has a financial stake in the order when that order "diminishes their property, increases their burdens or impairs their rights." *In Re Westwood Community Two Ass'n, Inc.*, 293 F.3d 1332 (11th Cir. 2002).

The Court notes that Seacoast National Bank has filed suit in state court to pursue claims Appellant may have as to Nueva Inversiones. (Dkt.24–48, p. 95). The Bankruptcy Court's order which approved the entry of judgment against Nueva Inversiones does not directly affect Appellant Seacoast National Bank, who was not a party to the adversary proceeding. The Court further notes that the judgment is not to be recorded against Nueva Inversiones unless Nueva Inversiones defaults. The Bankruptcy Court's approval of the compromise may impair the security interest Appellant expected to assert based on Appellant's agreement with Nueva Inversiones in the future, but there is no current impairment. The Court cannot see how approval of the compromise has increased the burdens of Seacoast National Bank. If there was no settlement, the Bankers Bank would have foreclosed its purchase money security interest in January, 2008, and the security interest which Seacoast National Bank is seeking to preserve would have disappeared.

After consideration, the Court affirms the Bankruptcy Court's conclusion that Appellant Seacoast National Bank has no standing to object to the Amended Motion to Compromise Controversy. The Court further finds that since Appellant has no standing to object to the compromise, Appellant has no standing to appeal.

**B. Approval of Compromise**

 The Bankruptcy Court considered the relevant factors when reviewing the proposed settlement agreement: 1) the probability of success in litigation; 2) the difficulties to be encountered in collection; 3) the complexity, expense, inconvenience and delay involved in the litigation; and 4) the paramount interest of the creditors. (Transcript, Dkt.24–48, pp. 30–99); *Christo v. Padgett*, 223 F.3d 1324 (11th Cir.2000) (citing *In Re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir.1990)).

After consideration, the Court finds that the Bankruptcy Court did not abuse its discretion in approving the compromise, and affirms the Bankruptcy Court's order which approved the Amended Motion to Compromise Controversy.

**C. Sufficiency of Notice of Hearing**

 The Bankruptcy Rules permit the Bankruptcy Court to shorten the time for hearing upon good cause shown. Appellant Seacoast National Bank was able to file its detailed objections, appear at the hearing to argue those objections, and perfect this appeal. Additional time would not have had any impact on the outcome, since Appellant Seacoast National Bank does not have standing to object to the parties' compromise.

In light of the impending doom that weighed on the parties in the form of the foreclosure of Bankers Bank note in January, 2008 (Dkt.24–48, p. 91, l.15–22), the Court finds that the Bankruptcy Court did not abuse its discretion in shortening the time for hearing so that the proceeding could be completed in December, 2007. The Court affirms the Bankruptcy Court

as to sufficiency of notice of hearing. Accordingly, it is

**ORDERED** that the Order of the Bankruptcy Court is **affirmed.** The Clerk of Court shall enter judgment for Appellee Jordyn Holdings IV, LLC, and close this case.

**DONE and ORDERED.**